UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F I L E D
DEC 09 2014
Magistrate Judge Sidney I. Schenkier
DEC 9, 2014
United States District Court

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PABLO VEGA CUEVAS,<br>ARTURO MARTINEZ,<br>ALEXANDER FIGUEROA,<br>ELISEO BETANCOURT-PEREIRA,<br>WILFREDO FLORES-SANTOS,<br>ROBERTO SANCHEZ,<br>JOSE RODRIGUEZ, and<br>ISAIAS MANDUJANO | Case No. 14 CR 705<br><br>Sidney I. Schenkier<br>Magistrate Judge |

**MOTION FOR ENTRY OF**
**PROTECTIVE ORDER GOVERNING DISCOVERY**

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States of America, by Zachary T. Fardon, United States Attorney for the Northern District of Illinois, moves for the entry of a protective order, and in support thereof states as follows:

1. The complaint in this case charges defendants with the following offenses: (a) defendants PABLO VEGA CUEVAS, ARTURO MARTINEZ, ALEXANDER FIGUEROA, ELISEO BETANCOURT-PEREIRA, WILFREDO FLORES-SANTOS, ROBERTO SANCHEZ, and JOSE RODRIGUEZ are charged with conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One); (b) defendant ISAIAS MANDUJANO is charged with possession with intent to

1

distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1) (Count Two).

2. Defendants were charged in this case following an investigation which included the interception of certain communications pursuant to orders issued by the Chief Judge or Acting Chief Judges in accordance with 18 U.S.C. § 2518.

3. Pursuant to 18 U.S.C. § 2518(9), the contents of intercepted wire communications shall not be disclosed at a hearing or other judicial proceeding unless each party has been provided with a copy of the court order and the accompanying applications and affidavits under which the interception was made. At the present time, those orders, applications, and affidavits are under seal.

4. In accordance with its disclosure obligations under Section 2518(9) and Rule 16.1, the government intends to produce to defendants and defendants' counsel copies of the sealed applications, affidavits, and orders authorizing the interception of wire communications in this case.[1]

5. The government requests this Court to direct that the release of the applications, affidavits, and court orders, as well as any recordings, reports, and other materials that may be turned over in connection with this matter be subject to the conditions set forth in the proposed protective order.

---

[1] The applications, affidavits, and orders contain sensitive personal identifying information, as well as information, the disclosure of which could have a detrimental impact on the government's continuing investigation and the safety of witnesses. Therefore, the government intends to redact certain information from these pleadings prior to their disclosure to defendants and defendants' counsel.

2

6. The need for a proposed protective order arises from the significant constraints imposed by the federal wiretap statute, 18 U.S.C. §§ 2510-2520, on the disclosure and use of electronic surveillance information. Subsumed in these constraints and, indeed, a driving force behind them, is the protection of the privacy interests of persons including third parties who were intercepted in the electronic surveillance but who not have been charged. Although the wiretap applications, affidavits and orders are being disclosed to defendants in accordance with 18 U.S.C. § 2518(9), they otherwise remain under seal pursuant to 18 U.S.C. § 2518(8)(b). These materials may be further disclosed only "upon a showing of good cause before a judge of competent jurisdiction." 18 U.S.C. § 2518(8)(b); see In re Applications of Kansas City Star, 666 F.2d 1168, 1175-76 (8th Cir. 1981) (observing that the district court's order which barred defendant and his attorneys from disclosing wiretap applications, orders and intercepted conversations was "highly appropriate considering the 'privacy of other people'" and noting that the good cause requirement of the statute called for consideration by the courts of the privacy interests of third parties which might be affected by the disclosure).

7. The discovery to be provided by the government in this case includes sensitive information in addition to the wiretap materials, whose unrestricted dissemination could adversely affect law enforcement interests and the privacy interests of third parties.

WHEREFORE, the government respectfully moves this Court to enter the proposed protective order relating to the sealed applications, affidavits, and orders

authorizing the interception of wire communications in this case, which are being provided to defendants and defendants' counsel as contemplated by 18 U.S.C. § 2518(9), as well as to any other recordings, reports, and investigative materials that may subsequently be turned over in connection with this case.

                                  Respectfully submitted,

                                  ZACHARY T. FARDON
                                United States Attorney

By:   /s/ *Nicole M. Kim*
       NICOLE M. KIM
       Assistant U.S. Attorney
       219 South Dearborn St., Rm. 500
       Chicago, Illinois 60604
       (312) 886-7635

Dated: December 8, 2014