UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 14 CR 705 |
| | ) | |
| v. | ) | Rubén Castillo |
| | ) | Chief Judge |
| | ) | |
| PABLO VEGA CUEVAS, et al. | ) | |

**GOVERNMENT'S MOTION
FOR AN EXTENSION OF TIME TO RETURN INDICTMENT**

The United States of America, by its attorney, Zachary T. Fardon, United States Attorney for the Northern District of Illinois, respectfully submits this motion to the Court, pursuant to 18 U.S.C. § 3161(h)(7)(A), for one 62-day extension of time, to and including March 11, 2015, in which to seek the return of an indictment against the 8 defendants charged in Criminal Case No. 14 CR 705 for the following reasons:

1. On December 8, 2014, the government charged 8 defendants in *United States v. Pablo Vega Cuevas, et al.,* N.D. Ill. Criminal Case No. 14 CR 705. Seven of the eight defendants are charged with a violation of Title 21, United States Code, Sections 846 and 841(a)(1). One defendant is charged with a violation of Title 21, United States Code, Section 841(a)(1).

2. The extent of the criminal conduct under investigation in this case is broad in scope. The defendants operated a drug trafficking organization ("DTO") that imported and transferred to the Chicago area multi-kilogram quantities of

cocaine and heroin from Mexico. The DTO had customers, suppliers, and co-conspirators in the Chicago, Illinois area as well as in Mexico. Defendants Isaias Mandujano and Roberto Sanchez, whole-sale narcotics customers of the DTO, operated separate networks of customers in Illinois.

3. The investigation made extensive use of court-authorized Title III intercepts of 11 different cellular telephones between March 2014 and October 2014. Thousands of wire and electronic communications over those cellphones were intercepted during the 9-month period covered by the Court's authorizations. The investigation also involved the use of a cooperating source, extensive surveillance, and coordination with law enforcement officers around the Chicago, Illinois area.

4. On December 9, 2014, three defendants were arrested in the Chicago area. Defendants Roberto Sanchez, Eliseo Betancourt, and Isaias Mandujano made initial appearances before Magistrate Judge Sidney I. Schenkier in the Northern District of Illinois. That same day, defendants Pablo Vega Cuevas ("Vega") and Alexander Figueroa were arrested in Oklahoma. Vega and Figueroa were transferred to the Northern District of Illinois and had their initial appearances before Magistrate Judge Mary Rowland on December 31, 2014. Arturo Martinez is believed to be in Mexico. On December 10, 2014, Santos Wilfredo Sorto Hernandez was arrested and had his initial appearance the next day before Magistrate Judge Schenkier.[1] Jose Rodriguez remains a fugitive.

---

[1] Sorto Hernandez was charged in the criminal complaint under an alias, "Wilfredo Flores-Santos."

5.	Defendants Betancourt, Sanchez, and Mandujano waived their right to a preliminary hearing. Defendants Sanchez and Mandujano were also released on bond. Defendants Betancourt and Sorto Hernandez were ordered detained. The detention hearings for defendants Vega and Figueroa are scheduled for January 6, 2015.

6.	The government has been diligently continuing its investigation into the defendants' extensive drug trafficking, but certain factors have led the government to request an extension in this large and complex matter. Those factors are stated in the Attachment hereto, which the government respectfully requests be placed under seal. The government requests that the Attachment be sealed so as to not compromise its ongoing investigation and to avoid revealing matters occurring before the Grand Jury.

7.	The government estimates that one 62-day extension of time from the current expiration date of January 8, 2015,[2] to and including March 11, 2015, will be sufficient time within which to return an indictment in this matter. The government presently does not plan to seek another extension of time to indict in this case.

---

[2] The Speedy Trial Act, codified at 18 U.S.C. § 3161, *et seq.*, requires the filing of an indictment within 30 days of the date of a defendant's arrest. *See* 18 U.S.C. § 3161(b). The defendants were arrested on December 9, 2014, making the deadline for filing an indictment January 8, 2015.

8. Among the factors identified by Congress as relevant to the determination whether time should be extended for indictment are those set forth in 18 U.S.C. § 3161(h)(7)(B), which provide in relevant part:

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(ii), (iii), and (iv).

9. The government respectfully submits that one 62-day continuance is warranted in this large and complex case pursuant to the foregoing provisions. The government has been conducting a diligent and thorough investigation in this case, but the investigation concerns a DTO with ties to a drug trafficking cartel in Mexico with 8 defendants currently charged, thousands of intercepted wire and electronic communications, a cooperating source, and extensive surveillance. Due to the large and complex nature of this investigation, the government cannot complete its investigation and appropriately conclude the investigation within the time allowed under Section 3161(b) of the Speedy Trial Act.

10. The government is in the process of providing early discovery to defendants on an accelerated timetable and plans to disclose to the defendants much of the material to which they would be entitled following indictment. At each defendant's initial appearance, counsel was provided with all applications for the Title III wire interceptions, including the supporting affidavits, and all of the corresponding Title III orders. In addition, in the week of January 5, 2015, the government anticipates producing additional materials, including, among other things, case reports in the government's possession relating to the charges against the defendants and any post-arrest statements made by the defendants.

11. Counsel for defendants Eliseo Betancourt and Santos Wilfredo Sorto Hernandez object to this motion. Counsel for defendant Roberto Sanchez has represented that he does not object to this motion. The government has not yet received a response from counsel for defendants Isaias Mandujano, Pablo Vega, and Alexander Figueroa.

WHEREFORE, the government respectfully requests an extension of time from January 8, 2015, through and including March 11, 2015, in which to seek an indictment in this case.

                                          Respectfully submitted,

                                          ZACHARY T. FARDON
                                          United States Attorney

By:   */s/ Nicole M. Kim*
       NICOLE M. KIM
       GEORGIA N. ALEXAKIS
       Assistant United States Attorneys
       219 South Dearborn Street, Room 500
       Chicago, Illinois 60604
       Tel: (312) 353-5300

Dated: January 5, 2015